UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE
COMPANY,



07 1012

                       Plaintiff,                     **COMPLAINT**

            -against-

CHAYA TAUBER, individually and/or CHAYA TAUBER     **IRIZARRY, J.**
d/b/a GAN SIMCHA, and DAVID JACOBOWITZ, an
infant, by his father and natural guardian, YITZCHOK
JACOBOWITZ, and YITZCHOK JACOBOWITZ,
individually, and DAVID HERSKOVITZ, GEMILAS
CHESED OF BEIS LEIVY V'SCHEINDEL, INC.
individually and/or d/b/a CONGREGATION GEMILAS     **AZRACK, J**
CHESED.
                    Defendants.
-----------------------------------------------------------------x

       Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

## THE PARTIES

       1.   At all times hereinafter mentioned, plaintiff was and still is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

       2.   At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

       3.   Upon information and belief, at all times hereinafter mentioned, defendant

1

Chaya Tauber is a resident of the County of Rockland, residing at 18 Bates Drive, Monsey NY 10952.

4. Upon information and belief, at all times hereinafter mentioned, defendant Chaya Tauber d/b/a Gan Simcha was and still is an individual business located at 18 Bates Drive, Monsey, NY 10952.

5. Upon information and belief, at all times hereinafter mentioned, defendant David Jacobowitz, an infant, by his father and natural guardian, Yitzchok Jacobowitz, is an individual was and still is a citizen of the State of New York, residing in the County of Rockland, State of New York, resides at 18 Bates Drive, Monsey, NY 10952.

6. Upon information and belief, at all times hereinafter mentioned, defendant Yitzchok Jacobowitz is an individual was and still is a citizen of the State of New York, residing in the County of Rockland, State of New York, resides at 18 Bates Drive, Monsey, NY 10952.

7. Upon information and belief, at all times hereinafter mentioned, defendant David Herskovitz, an individual, was and still is a citizen of the State of New York, County of Kings, residing at 190 Ross Street, Apt. 6E, Brooklyn, NY 11211.

8. Defendant Gemilas Chesed of Beis Leivy V'Scheindel, Inc. was and is a corporation organized and existing under the laws of the State of New York and is licensed to do business in New York.

9. Defendant Congregation Gemilas Chesed is a partnership which conducted and carried on business in the County of Rockland, and the State of New York.

## JURISDICTION

10. This Court has subject matter jurisdiction due to diversity of citizenship and

amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

11. A controversy exists between the parties as to the coverage afforded under U.S. Underwriters' policy of insurance number CL 3052791, as well as the provisions of said policy.

12. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

13. Plaintiff has no adequate remedy at law.

## THE UNDERLYING ACTION

14. On June 22, 2005, a lawsuit was filed in the Supreme Court of the State of New York, County of Kings, entitled, <u>David Jacobowitz, an infant, by his father and natural guardian, Yitzchok Jacobowitz, and Yitzchok Jacobowitz, individually, v. David Herskovitz, Gemilas Chesed of Beis Leivy V'Scheindel, Inc. individually and/or d/b/a Congregation Gemilas Chesed, Chaya Tauber, individually and/or d/b/a as Gan Simcha and Gan Simcha,</u> Index Number: 19241/05, seeking damages for alleged bodily injuries sustained by David Jacobowitz as a result of his fall on September 15, 2002, and seeking damages for loss of services suffered by Yitzchok Jacobowitz as a result of his son's injuries ("the Underlying Personal Injury Action").

15. It is alleged in the Underlying Personal Injury Action that on or about September

15, 2002, defendant David Jacobowitz ran through defendant Chaya Tauber's home, fell, and suffered personal injuries.

16. On November 1, 2006, the Court granted plaintiff's motion in the Underlying Personal Injury Action entering a default judgment against Chaya Tauber, individually and/or d/b/a as Gan Simcha and Gan Simcha.

17. U.S. Underwriters have retained counsel to represent Chaya Tauber d/b/a Gan Simcha in the Underlying Personal Injury Action reserving all rights and defenses to coverage under the Policy until an adjudication can be made regarding the rights and responsibilities under the insurance contract by this Court.

## THE POLICY

18. U.S. Underwriters Insurance Company issued a Commercial Liability Policy, policy number CL 3052791 to Chaya Tauber d/b/a Gan Simcha, for the policy period May 14, 2002 to May 14, 2003, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 18 as if fully set forth at length herein.

20. The Policy contains an Additional Insured – Managers or Lessors of Premises Endorsement, effective October 16, 2002, states as follows:

**SCHEDULE**

1. Designation of Premises (Part Leased to You): 18 Bates Dr., Monsey, NY 10952
2. Name of Person or Organization (Additional Insured): David Herskovitz & Cong. Gemilas Chesed of Beis Levy V'Sheindel, Inc. P.O. Box 110547, Brooklyn, NY 11211
3. Additional Premium: $70.00

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

21. Policy form IL 12 01 11 85 states that The Additional Insured – Managers or Lessors of Premises Endorsement is effective as of October 16, 2002.

22. The accident took place on September 15, 2002.

23. David Herskovitz was not an additional insured under the policy at the time of the accident.

24. Cong. Gemilas Chesed of Beis Levy V'Sheindel, Inc. was not an additional insured under the policy at the time of the accident.

25. David Herskovitz's policy period as an additional insured under the Policy is October 16, 2002 to May 14, 2003.

26. As the accident occurred on September 15, 2002, prior to the inception of David Herskovitz's policy period, there is no coverage for this matter under the Insuring Agreement of the Policy.

27. Cong. Gemilas Chesed of Beis Levy V'Sheindel, Inc's policy period as an additional insured under the Policy is October 16, 2002 to May 14, 2003.

28. As the accident occurred on September 15, 2002, prior to the inception of Cong. Gemilas Chesed of Beis Levy V'Sheindel, Inc's policy period, there is no coverage for this matter under the Insuring Agreement of the Policy.

29. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend David Herskovitz, or Congregation Gemilas Chesed of Beis V'Sheindel, Inc. with respect to any and all of the claims made and suits brought in the Underlying Personal Injury Action.

30. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to indemnify David Herskovitz, or Congregation Gemilas Chesed of Beis V'Sheindel, Inc. with respect to any and all of the claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 30 as if fully set forth at length herein.

32. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The name and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

33. The accident took place on September 15, 2002.

34. Chaya Tauber d/b/a Gan Simcha, gave notice to U.S.Underwriters through her

7

broker, by fax, on or about March 3, 2003.

35. No notice or request for coverage has been submitted by David Herskovitz.

36. No notice or request for coverage has been submitted by Congregation Gemilas Chesed of Beis V'Sheindel, Inc.

37. The Policy condition requiring the forwarding of a notice of a claim as soon as practicable was thus breached by Chaya Tauber d/b/a Gan Simcha, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

38. The Policy condition requiring the forwarding of a notice of a claim as soon as practicable was thus breached by David Herskovitz and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

39. The Policy condition requiring the forwarding of a notice of claim as soon as practicable was breached by Congregation Gemilas Chesed of Beis V'Sheindel, Inc., and any other party seeking coverage as an insured under the Policy for the claims asserted in the Underlying Personal Injury Action.

40. U.S. Underwriters sent to Chaya Tauber d/b/a Gan Simcha a timely disclaimer letter dated April 23, 2003.

41. U.S. Underwriters sent to Alan Levine, attorney for David Jacobowitz and Yitzchok Jacobowitz, a timely disclaimer letter dated April 23, 2003.

42. U.S. Underwriters sent David Herskovitz a certified copy of the disclaimer letter sent to Chaya Tauber d/b/a Gan Simcha dated April 23, 2003.

43. U.S. Underwriters sent Congregation Gemilas Chesed Beis V'Sheindel, Inc. a certified copy of the disclaimer letter sent to Chaya Tauber d/b/a Gan Simcha dated April 23, 2003.

44. The Underlying Personal Injury Action was commenced on June 22, 2005.

45. Chaya Tauber d/b/a Gan Simcha was served on July 29, 2005.

46. U.S. Underwriters received notice of this lawsuit on or about August 17, 2006 from plaintiff's counsel in conjunction with the Notice of Motion for default judgment against Chaya Tauber, individually and/or d/b/a as Gan Simcha and Gan Simcha.

47. No notice of the lawsuit was provided by David Herskovitz.

48. The Policy condition requiring the forwarding of a notice of a suit as soon as practicable was thus breached by David Herskovitz.

49. No notice of the lawsuit was provided by Congregation Gemilas Chesed of Beis V'Sheindel, Inc.

50. U.S. Underwriters sent to Chaya Tauber d/b/a Gan Simcha a timely disclaimer letter dated August 17, 2006.

51. U.S. Underwriters sent by certified mail a copy of the August 17, 2006 disclaimer letter to Jacobson & Schwartz, attorneys for David Herskovitz and Congregation Gemilas Chesed Beis V'Sheindel, Inc.

52. The Policy condition requiring the forwarding of a notice of a suit as soon as practicable was thus breached by Chaya Tauber d/b/a Gan Simcha, and any other party seeking coverage under the Policy in connection with the claims asserted in the Underlying Personal Injury Action.

53. The Policy condition requiring the forwarding of a notice of a suit as soon as practicable was thus breached by Congregation Gemilas Chesed of Beis V'Sheindel, Inc., and any other party seeking coverage under the Policy in connection with the claims asserted in the Underlying Personal Injury Action.

54. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend Chaya Tauber d/b/a Gan Simcha, and/or Gan Simcha, David Herskovitz or Congregation Gemilas Chesed of Beis V'Sheindel, Inc..

55. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to indemnify Chaya Tauber d/b/a Gan Simcha, and/or Gan Simcha, David Herskovitz or Congregation Gemilas Chesed of Beis V'Sheindel, Inc. with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A THIRD CAUSE OF ACTION

56. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 55 as if fully set forth at length herein.

57. The Declarations page of the Policy provides as follows:

   Form of Business: Individual

   Business Description: Day Care Center

   Classification: Commercial Day Care Center

58. The application filled out by Chaya Tauber was entitled "Day Care Center Application."

59. The Policy provides in pertinent part as follows:

   SECTION II – WHO IS AN INSURED

   1. If you are designated in the Declarations as:

      a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

60. Chaya Tauber d/b/a Gan Simcha was an insured only with respect to the conduct of the day care business.

10

61. This accident took place while the business was not operating.

62. David Jacobowitz was not enrolled in the business conducted by the insured.

63. As this conduct did not arise from the conduct of the Day Care Center, there is no coverage under US Underwriters policy for Chaya Tauber d/b/a Gan Simcha.

64. As the Additional Insured – Managers or Lessors of Premises Endorsement, states, in pertinent part:

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

65. As this liability does not arise out of the ownership, maintenance or use of the premises leased to David Herskovitz as required by the Policy, there is no coverage for David Herskovitz.

66. As this liability does not arise out of the ownership, maintenance or use of the premises leased to Congregation Gemilas Chesed of Beis V'Sheindel, Inc. as required by the Policy, there is no coverage for Congregation Gemilas Chesed of Beis V'Sheindel, Inc.

67. Coverage P, Professional Liability of the Policy provides as follows:

> We will pay on behalf of you all sums which you shall become legally obligated to pay as damages because of liability arising out of any negligent act, error or omission in rendering or failure to render professional services of the type described in the description of hazard shown above, whether committed by you or any person employed by you or by others for whom you are legally responsible.

11

68. The description of hazards shown above is: Day Care Center.

69. Moreover, there is an exclusion for Coverage P, which states as follows:

   Exclusions

   This Policy does not apply:

   (b) to the conduct of any business enterprise owned by you or which is controlled, operated or managed by you either individually or in a fiduciary capacity, including the ownership, maintenance or use of any property in connection therewith other than in connection with the normal and usual professional services issued hereunder.

70. As the claim at issue in the Underlying Personal Injury Action did not arise from the normal and professional services covered under the Policy - that of a child care center - there is no coverage for the claims asserted in the Underlying Personal Injury Action and coverage was properly denied.

71. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend Chaya Tauber d/b/a Gan Simcha, David Herskovitz, or Congregation Gemilas Chesed of Beis V'Sheindel, Inc. with respect to any and all of the claims made and suits brought in the Underlying Personal Injury Action.

72. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to indemnify Chaya Tauber d/b/a Gan Simcha, David Herskovitz or Congregation Gemilas Chesed of Beis V'Sheindel, Inc. with respect to any and all of the claims made and suits brought in the Underlying Personal Injury Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY prays that judgment be made and entered herein:

(a) declaring that DAVID HERSKOVITZ and GEMILAS CHESED OF BEIS LEIVY V'SCHEINDEL, INC. are not additional insureds under U.S. UNDERWRITERS liability policy number CL 3052791, with respect to the claims in the Underlying Personal Injury Action

(b) declaring that plaintiff is not obligated to defend and/or indemnify CHAYA TAUBER DBA GAN SIMCHA under U.S. UNDERWRITERS liability policy number CL 3052791, with respect to the claims in the Underlying Personal Injury Action; and

(c) declaring that plaintiff is not obligated to defend and/or indemnify DAVID HERSKOVITZ, GEMILAS CHESED OF BEIS LEIVY V'SCHEINDEL, INC. individually and/or d/b/a CONGREGATION GEMILAS CHESED under U.S. UNDERWRITERS liability policy number CL 3052791, with respect to the claims in the Underlying Personal Injury Action; and

(d) granting to plaintiff such other and further relief as to this Court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED: Mineola, New York
February 28, 2007

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for Plaintiff
**U.S. UNDERWRITERS INSURANCE COMPANY**

By: _____
Steven Verveniotis
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No.: 06-477

13